Mario Aieta (MA 2228)
Betsy C. Judelson (BJ 1107)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel.:  (212) 813-5900
Fax:  (212) 813-5901
*Attorneys for Defendant Holland USA d/b/a/ Amsterdam Printing*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                    :    **ECF CASE**
                                                                    :
MYRON CORP.,                                                        :
                                                                    :
                            Plaintiff,                              :    Case No. 07-CV-6877 (PAC)
      v.                                                            :
                                                                    :
                                                                    :
HOLLAND USA, INC D/B/A AMSTERDAM                                    :
PRINTING,                                                           :
                                                                    :
                            Defendants.                             :
                                                                    :
------------------------------------------------------------------- x

## ANSWER

Defendant Holland USA d/b/a Amsterdam Printing ("Defendant"), by its attorneys Fross Zelnick Lehrman & Zissu, P.C., for its Answer to the Complaint herein, alleges:

## **ANSWER**

1.	Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2.	Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

{F0096192.1 }

3. Denies the allegations of Paragraph 3 of the Complaint, except avers that Defendant offers a calendar with the slogan "Teamwork Together We Can Achieve the Impossible."

4. Denies the allegations of Paragraph 4 of the Complaint.

5. Denies the allegations of Paragraph 5 of the Complaint and avers that Defendant offers a calendar with the slogan "Teamwork Together We Can Achieve the Impossible."

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Admits the allegations of Paragraph 7 of the Complaint.

8. Admits the allegations of Paragraph 8 of the Complaint.

9. Admits the allegations of Paragraph 9 of the Complaint.

10. Admits that venue is proper in this district, and otherwise denies the allegations of Paragraph 10 of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17. Denies the allegations of Paragraph 17 of the Complaint.

18. Admits that according to the PTO database, Plaintiff is the owner of Reg. No. 2,297,367 and that Plaintiff has filed a Section 15 statement of incontestability and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19. Admits that according to the PTO database, Plaintiff is the owner of an application for serial number 77/233,410.

20. Denies knowledge and information sufficient to form a belief as to the truth of the assertions concerning the extent of Myron's use of the phrases "TEAMWORK" and "TOGETHER WE ACHIEVE THE EXTRAORDINARY," and otherwise denies the allegations of Paragraph 20 of the Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth as to Myron's history or reputation, and otherwise denies the allegations of Paragraph 22 of the Complaint.

23. Denies the allegations of Paragraph 23 of the Complaint.

24. Denies the allegations of Paragraph 24 of the Complaint.

25. Denies the allegations of Paragraph 25 of the Complaint, except admits that Defendant designs and distributes promotional products and that it markets those products using a website and printed catalogs, some of which are distributed through direct mail channels.

26. Denies the allegations of Paragraph 26 of the Complaint.

27. Denies the allegations of Paragraph 27, except admits that Exhibits C and D are copies of portions of materials distributed by Defendant and refers the Court to complete samples of those documents for accurate depictions of their content.

28. Denies the allegations of Paragraph 28 of the Complaint, except aver that the referenced items appear on Defendant's website and in its catalog and include the phrase "TEAMWORK:   Together We Can Achieve the Impossible."

29. Denies the allegations of Paragraph 29 of the Complaint.

30. Admits that the calendars were sold in interstate and foreign commerce, including in the state of New York and otherwise denies the allegations of Paragraph 30 of the Complaint.

31. Avers that Defendant did not seek authorization from Myron and otherwise denies the allegations of Paragraph 31 of the Complaint.

32. Denies the allegations of Paragraph 32 of the Complaint.

### FIRST CAUSE OF ACTION

33. Repeats and realleges paragraphs 1 to 32 above as though fully set forth herein.

34. Denies the allegations of Paragraph 34 of the Complaint.

35. Denies the allegations of Paragraph 35 of the Complaint.

36. Denies the allegations of Paragraph 36 of the Complaint.

37. Avers that Defendant did not seek permission, consent or license from Myron and otherwise denies the allegations of Paragraph 37 of the Complaint.

38. Denies the allegations of Paragraph 38 of the Complaint.

39. Denies the allegations of Paragraph 39 of the Complaint.

40. Denies the allegations of Paragraph 40 of the Complaint.

## SECOND CAUSE OF ACTION

41. Repeats and realleges paragraphs 1 to 40 above as though fully set forth herein.

42. Denies the allegations of Paragraph 42 of the Complaint.

43. Denies the allegations of Paragraph 43 of the Complaint.

44. Denies the allegations of Paragraph 44 of the Complaint.

## THIRD CAUSE OF ACTION

45. Repeats and realleges paragraphs 1 to 44 above as though fully set forth herein.

46. Denies the allegations of Paragraph 46 of the Complaint.

47. Denies the allegations of Paragraph 47 of the Complaint.

48. Denies the allegations of Paragraph 48 of the Complaint.

49. Denies the allegations of Paragraph 49 of the Complaint.

## FOURTH CAUSE OF ACTION

50. Repeats and realleges paragraphs 1 to 49 above as though fully set forth herein.

51. Denies the allegations of Paragraph 51 of the Complaint.

52. Denies the allegations of Paragraph 52 of the Complaint.

## FIFTH CAUSE OF ACTION

53. Repeats and realleges paragraphs 1 to 52 above as though fully set forth herein.

54. Denies the allegations of Paragraph 54 of the Complaint.

55. Denies the allegations of Paragraph 55 of the Complaint.

56. Denies the allegations of Paragraph 56 of the Complaint.

57. Denies the allegations of Paragraph 57 of the Complaint.

58. Denies the allegations of Paragraph 58 of the Complaint.

59. Denies the allegations of Paragraph 59 of the Complaint.

## SIXTH CAUSE OF ACTION

60. Repeats and realleges paragraphs 1 to 59 above as though fully set forth herein.

61. Denies the allegations of Paragraph 61 of the Complaint.

62. Denies the allegations of Paragraph 62 of the Complaint.

63. Denies the allegations of Paragraph 63 of the Complaint.

64. Denies the allegations of Paragraph 64 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: LACHES, ACQUIESENCE AND ESTOPPEL

65. The Complaint is barred by Plaintiffs acts of laches, acquiescence and estoppel.

### SECOND AFFIRMATIVE DEFENSE: NO VALID TRADE DRESS RIGHTS

66. Plaintiff has no valid trade dress rights in the works in dispute in this action.

### THIRD AFFIRMATIVE DEFENSE: FAILURE TO ARTICULATE TRADE DRESS

67. Plaintiff's Count One fails to state a claim upon which relief can be granted because Plaintiff has failed to adequately articulate the specific elements of its alleged trade dress with sufficient particularity.

### FOURTH AFFIRMATIVE DEFENSE: FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

68. Plaintiff has failed to state claims upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE: FAIR USE

69. Defendant's use of the phrase "Teamwork. Together we can achieve the impossible" is a fair use.

WHEREFORE, Defendant demands judgment in its favor dismissing all of the claims asserted against it and awarding it the costs and attorneys' fees of this action.

Dated: New York, NY
August 23, 2007

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
   Mario Aieta (MA 2228)
   Betsy C. Judelson (BJ 1107)
866 United Nations Plaza
New York, NY 10017
Tel.: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Defendant Holland USA d/b/a/ Amsterdam Printing*